No. 84–6601. DAVIS *v.* KEMP, WARDEN. C. A. 11th Cir. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth

and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

JUSTICE WHITE, dissenting.

In *Sandstrom* v. *Montana*, 442 U. S. 510 (1979), we held that where intent is an element of the crime charged, a jury instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt. In *Connecticut* v. *Johnson*, 460 U. S. 73 (1983), we granted certiorari to resolve the question whether the giving of such a burden-shifting instruction may ever be deemed harmless error. *Johnson*, however, left that question unanswered: a plurality took the position that *Sandstrom* error was virtually never harmless, while four Justices would have found such errors harmless if a reviewing court could say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption. 460 U. S., at 97, n. 5.[1] On two subsequent occasions, we have granted certiorari in cases raising the harmless-error question, but on both occasions we have not resolved it. *Engle* v. *Koehler*, 707 F. 2d 241 (CA6 1983), aff'd by an equally divided Court, 466 U. S. 1 (1984); *Francis* v. *Franklin, ante*, p. 307.

In the present case, the Court of Appeals for the Eleventh Circuit, sitting en banc, correctly held that the jury instructions given at petitioner's trial for first-degree murder unconstitutionally shifted the burden of proof on the issues of malice and intent. 752 F. 2d 1515 (1985). See *Francis* v. *Franklin, supra*.[2] Noting that this Court in *Johnson* had failed to adopt a rule that *Sandstrom* error was *per se* reversible, the majority held that the error

---

[1] JUSTICE STEVENS concurred in the disposition allowing the decision of the Connecticut Supreme Court to stand, but found that no federal question was presented.

[2] The judge instructed the jury that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his act, but the presumption may be rebutted." The jury was further instructed that "while it is true that the law presumes malice when a homicide has been shown, yet that presumption of malice may be rebutted by the defendant." 752 F. 2d, at 1524, 1526, n. 1. In *Francis*, we held that a virtually identical instruction on intent violated the Due Process Clause under *Sandstrom*.

here was harmless because intent was not a contested issue at trial. Petitioner's main defense had been that he had nothing to do with the murder, not that he lacked intent, and the evidence was "overwhelming" that whoever had committed the murder had done so with intent and malice. 752 F. 2d, at 1521. Five judges dissented on this point, arguing that the error was not harmless because, "[e]xcept where it includes a direct admission of intent, no defense, in and of itself, can take the element of intent out of 'issue.'" *Id.*, at 1528.[3] The dissenters also observed that the plurality opinion in *Johnson* "cast serious doubt on whether the doctrine of harmless error can be applied to the shifting of a presumption which is so integral to the concept of a fair trial." 752 F. 2d, at 1527.

This is the fourth time that the Court has been presented with the opportunity to decide whether *Sandstrom* error may be harmless under any circumstances. Because resolution of this important and frequently recurring question is long overdue, I would grant certiorari in this case.[4]

[3] The plurality opinion in *Johnson* suggested that *Sandstrom* error might be harmless if the defendant had "conceded the issue of intent," and noted that in presenting a defense such as alibi, a defendant might admit that the act alleged by the prosecution was intentional. 460 U. S., at 87. Although the petitioner in this case presented an alibi defense, the majority below noted that "there was no explicit concession of intent and malice." 752 F. 2d, at 1521.

[4] The respondent filed a separate petition for certiorari raising different and "uncertworthy" objections to the opinion below. *Kemp* v. *Davis*, No. 84–1495, cert. denied, *ante*, p. 1143.