here was harmless because intent was not a contested issue at trial. Petitioner's main defense had been that he had nothing to do with the murder, not that he lacked intent, and the evidence was "overwhelming" that whoever had committed the murder had done so with intent and malice. 752 F. 2d, at 1521. Five judges dissented on this point, arguing that the error was not harmless because, "[e]xcept where it includes a direct admission of intent, no defense, in and of itself, can take the element of intent out of 'issue.'" *Id.*, at 1528.[3] The dissenters also observed that the plurality opinion in *Johnson* "cast serious doubt on whether the doctrine of harmless error can be applied to the shifting of a presumption which is so integral to the concept of a fair trial." 752 F. 2d, at 1527.

This is the fourth time that the Court has been presented with the opportunity to decide whether *Sandstrom* error may be harmless under any circumstances. Because resolution of this important and frequently recurring question is long overdue, I would grant certiorari in this case.[4]

No. 84–1299. ARANGO *v.* FLORIDA, *ante*, p. 1010;

No. 84–1329. CREA *v.* NEW YORK, *ante*, p. 1011;

No. 84–5339. WINGO *v.* LOUISIANA, *ante*, p. 1030;

No. 84–6018. HARRISON *v.* MEACHUM, DIRECTOR, OKLAHOMA DEPARTMENT OF CORRECTIONS, ET AL., *ante*, p. 1055;

No. 84–6262. BRAGG *v.* CAVE, JUDGE, *ante*, p. 1020;

No. 84–6320. DAY *v.* CARTWRIGHT ET AL., *ante*, p. 1056;

No. 84–6373. HERNANDEZ *v.* DUNCAN ET AL., *ante*, p. 1068; and

No. 84–6431. PRIMBS *v.* UNITED STATES, *ante*, p. 1068. Petitions for rehearing denied.

---

[3] The plurality opinion in *Johnson* suggested that *Sandstrom* error might be harmless if the defendant had "conceded the issue of intent," and noted that in presenting a defense such as alibi, a defendant might admit that the act alleged by the prosecution was intentional. 460 U. S., at 87. Although the petitioner in this case presented an alibi defense, the majority below noted that "there was no explicit concession of intent and malice." 752 F. 2d, at 1521.

[4] The respondent filed a separate petition for certiorari raising different and "uncertworthy" objections to the opinion below. *Kemp* v. *Davis*, No. 84–1495, cert. denied, *ante*, p. 1143.