**Joseph THOMAS, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic & Classification Center, Respondent-Appellee.**

No. 84–8807.

United States Court of Appeals, Eleventh Circuit.

July 8, 1985.

Rehearing and Rehearing En Banc Denied Sept. 12, 1985.

Joseph M. Nursey, Atlanta, Ga., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

RONEY, Circuit Judge:

Joseph Thomas was convicted of felony murder, kidnapping, and armed robbery in Georgia and sentenced to death. On direct appeal the Supreme Court of Georgia affirmed the felony murder and kidnapping convictions and sentences but vacated the conviction and sentence for armed robbery on the ground that under state law a defendant may not be convicted and sentenced for both felony murder and the lesser included felony on which the felony murder conviction rests. *Thomas v. State*, 240 Ga. 393, 242 S.E.2d 1, 9 (1977), *cert. de-*

*nied,* 436 U.S. 914, 98 S.Ct. 2255, 56 L.Ed.2d 415 (1978). His federal habeas corpus petition is before this Court for the second time, another panel having previously remanded the case for a limited evidentiary hearing concerning a claim of ineffective assistance of counsel at sentencing. *Thomas v. Zant,* 697 F.2d 977 (11th Cir. 1983) (*Thomas I*). That hearing was ordered to enable the district court to determine whether Thomas' state habeas corpus counsel committed deliberate bypass or inexcusable neglect by failing to present, depose, or even contact Thomas' trial counsel in connection with the ineffective assistance of counsel claim raised in state habeas corpus proceedings. *Id.* at 986. On remand, the district court, after hearing testimony from Thomas' state habeas corpus counsel, determined that counsel's failure constituted inexcusable neglect and denied Thomas a full federal evidentiary hearing on the ineffective assistance claim. The case is on appeal from that judgment.

In the meantime, controlling decisions of the United States Supreme Court and this Court sitting *en banc* mandate the issuance of a writ of habeas corpus as to Thomas' conviction on his alternative claim of unconstitutional burden-shifting jury instructions. *Francis v. Franklin,* —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Tucker v. Kemp,* 762 F.2d 1496, 1500–01 (11th Cir.1985) (*en banc*); *Drake v. Kemp,* 762 F.2d 1449, 1452–53 (11th Cir.1985) (*en banc*); *Davis v. Kemp,* 752 F.2d 1515, 1517–19 (11th Cir.1985) (*en banc*), *cert. denied,* —— U.S. ——, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985).

The facts of this case are fully developed in the opinion of the Supreme Court of Georgia, *Thomas v. State,* 242 S.E.2d at 3–4, and we discuss them below only to the limited extent necessary for resolution of the issue addressed. The full procedural history was set out in the prior panel opinion. *Thomas I,* 697 F.2d at 978–79. Because of its disposition of that appeal, the panel there declined to address other issues raised by Thomas, one of which was the claim upon which we now grant relief. 697 F.2d at 979.

Thomas was charged in a three-count indictment with felony murder, armed robbery, and kidnapping with bodily injury. In Georgia, felony murder requires a finding that the defendant killed the victim while intentionally committing another felony, or that a co-participant killed the victim while the defendant and the co-participant were intentionally committing another felony. *See* O.C.G.A. § 16–5–1(c); *Drake v. Kemp,* 762 F.2d at 1455. Of course, where the felony murder defendant is sentenced to death, the evidence must also establish the defendant's involvement in the murder to the extent required by *Enmund v. Florida,* 458 U.S. 782, 801, 102 S.Ct. 3368, 3378, 73 L.Ed.2d 1140 (1982) (death penalty foreclosed because of "the absence of proof the [petitioner] killed or attempted to kill … or contemplated that life would be taken."). Intent is an essential element of the armed robbery charge underlying the felony murder conviction. O.C.G.A. § 16–8–41(a). At trial, the judge instructed the jury as follows:

A crime is a violation of a statute of this State in which there shall be a union or joint operation of act or [omission] to act, an intention or criminal negligence. *The acts of a person of sound mind and discretion are presumed to be a product of the person's will, but that the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his act, but this presumption may be rebutted.*

A person will not be presumed to act with criminal intent, but the [trier of] facts, and you are the trier of facts in this case, may find such intention upon considering the words and conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted. Every person is assumed to be of sound mind and discretion. But the presumption may be rebutted. A specific intent to commit the crime charged in each of these indictments, in each count thereof, is an essen-

tial element that the State must prove beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. Intent is always a question for the jury, and is ordinarily ascertained by acts and conduct. The intent may be shown in many ways, provided the jury find beyond a reasonable doubt that it existed from the evidence produced before you.

(emphasis added). The emphasized portion of the instruction is identical to the instructions found impermissible in the recent decisions cited above.

■ The State argues that any constitutional infirmity in the above instructions was cured by the general instructions that the defendant is presumed innocent and that the State bears the burden of proof to prove each element beyond a reasonable doubt. Such an argument is foreclosed by *Francis v. Franklin,* —— U.S. at ——, 105 S.Ct. at 1974. Neither is the defect corrected by the more specific instruction that "[a] person will not be presumed to act with criminal intent, but the [trier of] facts, and you are the trier of facts in this case, may find such intention upon considering the words and conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." *See Francis v. Franklin,* —— U.S. at —— – ——, 105 S.Ct. at 1974–1976; *Drake v. Kemp,* 762 F.2d at 1453; *Tucker v. Kemp,* 762 F.2d at 1501; *Davis v. Kemp,* 752 F.2d at 1517–19.

A review of the entire jury charge in light of *Francis v. Franklin* and this Court's *en banc* decisions compels the conclusion that Thomas' jury instruction violates *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

■ In such a case in this Circuit, a denial of habeas corpus relief would be in order if the constitutional error were harmless. The Supreme Court has expressly declined to resolve whether a *Sandstrom* violation can ever be harmless. *Francis v. Franklin,* —— U.S. at ——, 105 S.Ct. at 1977; *see Kemp v. Davis,* —— U.S. ——, ——, 105 S.Ct. 2691 (1985) (White, J., dis-

senting from denial of certiorari) (noting that "[t]his is the fourth time that the Court has been presented with the opportunity to decide whether *Sandstrom* error may be harmless under any circumstances" and advocating granting of certiorari because "resolution of this important and frequently recurring question is long overdue"). In five recent cases, however, this Court sitting *en banc* has held that otherwise unconstitutional burden-shifting jury instructions can be held harmless. *Brooks v. Kemp,* 762 F.2d 1383, 1389–94 (11th Cir. 1985) (*en banc* ); *Tucker v. Kemp,* 762 F.2d at 1501–02; *Drake v. Kemp,* 762 F.2d at 1453–56; *McCleskey v. Kemp,* 753 F.2d 877, 902–04 (11th Cir.1985) (*en banc* ); *Davis,* 752 F.2d at 1520–21. Under the approach set forth in *Davis* and followed in subsequent cases, harmless error analysis is appropriate for *Sandstrom* violations (1) where the evidence of the defendant's guilt, including intent, was overwhelming; and (2) where the required intent was not made an issue of controversy at trial. *Davis,* 752 F.2d at 1521 (citing *Lamb v. Jernigan,* 683 F.2d 1332, 1342 (11th Cir.1982), *cert. denied,* 460 U.S. 1024, 103 S.Ct. 1276, 75 L.Ed.2d 496 (1983)).

■ In this case intent was made an issue for the jury to decide. This was a brutal murder. The victim was savagely beaten with a hammer and a shovel, shot in the face, and buried alive in a shallow grave in which he finally suffocated on dirt and his own blood and vomit. Four anonymous phone calls made to police described the location of the victim's car and gave misinformation about the victim. One of those calls was traced to Thomas' house. Thomas was arrested two days after the murder. He subsequently gave a detailed statement confessing his involvement in the crime. The statement was introduced at his trial.

Thomas' counsel argued at trial, however, that Thomas could not have had the requisite criminal intent. Thomas took the stand in his own defense and testified that he had no memory of the incident, the telephone calls to the police, or his confes-

sion. He attributed his lack of memory to pills he received from someone in Albany and ingested the day before the murder. Thomas' counsel elicited testimony from the State's examining psychiatrist that it would be possible for a drug to "overmaster [a] person's will or impel him to commit a crime," and she emphasized that testimony in her closing argument. Finally, she requested and obtained a jury charge on drug intoxication, and the court's instructions included the following:

> However, if [because] of drunkenness or intoxication of one's mind shall become so impaired as to render him incapable of forming an intent to do the act charged or to understand that certain consequences were likely to result from it, he would not be criminally responsible for the act. Whether that was true or not, it is a question for you and the jury to determine.

Thus the issue of intent was squarely presented to the jury with some evidence to support the defendant's argument. In such a case, the instruction held to be unconstitutional because it shifts the burden on the intent issue to defendant cannot be said to have been harmless.

Unlike the petitioners in *Tucker, Davis,* and *McCleskey,* Thomas did not claim nonparticipation in the killing. *See Tucker,* 762 F.2d at 1501 (*Sandstrom* error on intent instruction harmless where "sole defense was nonparticipation in the killing"); *McCleskey,* 753 F.2d at 903–04 (*Sandstrom* error on intent instruction harmless where alibi defense asserted); *Davis,* 752 F.2d at 1521 (*Sandstrom* error harmless where "[t]he defense presented by Davis was nonparticipation"). Rather, the defense introduced evidence that, if believed, tended to negate intent. *See Brooks,* 762 F.2d at 1391–94 (*Sandstrom* error on intent instruction not harmless where defense was accident); *Franklin v. Francis,* 720 F.2d 1206, 1212 (11th Cir.1983) (*Sandstrom* error not harmless where defendant testified gun went off accidentally when victim slammed door in his face), *aff'd,* — U.S. —, —, 105 S.Ct. 1965, 1977, 85 L.Ed.2d 344, 360 (1985). We do not intend to imply

that a failure to present evidence or to make arguments regarding lack of intent, in the absence of overwhelming evidence of intent, is enough to take intent out of issue. *See McCleskey,* 753 F.2d at 904.

In light of this decision, we need not reach other issues raised by Thomas. The district court's denial of habeas corpus relief on the *Sandstrom* issue is REVERSED, and the case is REMANDED to the district court with instructions to grant the writ of habeas corpus, conditioned upon the State's affording Thomas a new trial.

REVERSED and REMANDED.