**Joseph THOMAS, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic & Classification Center, Respondent-Appellee.**

No. 84–8807.

United States Court of Appeals, Eleventh Circuit.

Sept. 9, 1986.

Joseph M. Nursey, Millard C. Farmer, Atlanta, Ga., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY, Chief Judge, FAY and JOHNSON, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

In *Thomas v. Kemp,* 766 F.2d 452 (11th Cir.1985), this Court reversed a denial of habeas corpus relief and held in this capital case that a jury instruction, which violated the principle established in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), was not harmless beyond a reasonable doubt. The United States Supreme Court granted a *writ of certiorari,* vacated our judgment, and remanded for further consideration in light of *Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

*Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460, resolved a conflict among the circuits by holding that the harmless-error standard of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), applies to a burden-shifting instruction on malice that is unconstitutional under *Sandstrom. Chapman* held that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

In *Rose v. Clark,* 762 F.2d 1006 (6th Cir.1985), the Sixth Circuit had held that a *Sandstrom* error could never be harmless where the defendant contests intent. The Supreme Court rejected that idea, and held that even though intent is in issue and contested, the *Sandstrom* violation could still be harmless if the evidence was so dispositive of the intent of the defendant that a reviewing court can say beyond a reasonable doubt that the instruction did not affect the judgment of the jury.

We have reviewed the record as a whole in this case in light of *Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460, and hold that it cannot be said beyond a reasonable doubt that the improper instruction here had no effect on the jury verdict. For the purpose of this consideration, it is acknowledged that the defendant killed the victim by outrageous acts that clearly evidence the intent necessary to support a felony murder conviction. The defense at

trial, however, reasoned that the acts themselves were insufficient to establish intent because Thomas was under the influence of drugs at the time they were committed, and thus was incapable of forming the intent to do those acts.

This framed the issue for the jury, with testimony from a State psychiatrist that would support the defense in psychiatric theory. Thomas testified about the use of drugs. The trial court charged the jury that if one's mind was so impaired that he was incapable of forming an intent to do the act charged, he would not be criminally responsible for the act. The court said, "whether that was true or not, it is a question for you and the jury to determine." *Thomas*, 766 F.2d at 456.

■ This problem would face the jury: who has the burden of proof on the issue. The law places the burden on the state to prove that Thomas had the required intent to support a capital murder charge. *Sandstrom*, 442 U.S. at 520, 99 S.Ct. at 2457 (*citing In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Mason v. Balkcom*, 669 F.2d 222, 224 (5th Cir. Unit B 1982), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983).[1] If the jury simply could not decide whether he was so drug-influenced as to be incapable of intent, the state should lose on that issue. According to *Sandstrom*, however, the charge given would shift the burden on this crucial issue to Thomas, suggesting to the jury if they could not decide what was true on the point, the state should win.

■ The judge instructed the jury that every person is assumed to be of sound mind, but the presumption may be rebutted; that a person of sound mind is presumed to intend the consequences of his acts, but that presumption may be rebutted. *Thomas*, 766 F.2d at 454. Under the law of *Sandstrom* that such instructions shift the burden of proof from the state to the defendant on the state-of-mind issue, it cannot be said, beyond a reasonable doubt, that such instructions did not affect the jury's determination of the crucial question: was Thomas of sound mind when he committed these acts?

Some judges question the picking apart of jury instructions in a capital trial where the whole thrust of the case given to the jury points it to the "beyond a reasonable doubt" standard of proof which the state must meet before a defendant can be convicted of the most serious of crimes, subject to the ultimate penalty. Others think the *Sandstrom* approach is required by the Constitution. But the law of *Sandstrom* is now fixed in federal law, and a proper application of that law to this case prevents the court from denying relief for the constitutional error of the state court under the harmless-error standard of *Rose v. Clark*, 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460.

In all other respects, the opinion of the court in *Thomas*, 766 F.2d 452, is reinstated. The district court's denial of habeas corpus relief on the *Sandstrom* issue is reversed, and the case remanded to the district court with instructions to grant a writ of habeas corpus, conditioned upon the State's affording Thomas a new trial.

REVERSED and REMANDED.

---

1. In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), this Court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.