**Charlie Benson BOWEN,**
**Petitioner-Appellee,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center,**
**Respondent-Appellant.**

**Horace William DIX,**
**Petitioner-Appellee,**
**Cross-Appellant,**

v.

**Ralph KEMP, Warden, Georgia State Prison, Respondent-Appellant,**
**Cross-Appellee.**

Nos. 84–8327, 84–8342.

United States Court of Appeals,
Eleventh Circuit.

Oct. 22, 1987.

---

Before RONEY, Chief Judge, GODBOLD, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON, Circuit Judges.

VANCE, Circuit Judge:

These cases present the question whether by raising an insanity defense, a defendant places intent at issue so that under this court's decision in *Davis v. Kemp,* 752 F.2d 1515 (11th Cir.) (en banc), *cert. denied,* 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985), a *Sandstrom* [1] error cannot be harmless.

In *Bowen v. Kemp,* 769 F.2d 672 (11th Cir.1985), *vacated,* 810 F.2d 1007 (11th Cir. 1987), a divided panel of this court reversed the district court's holding that a *Sandstrom* error was not harmless. The majority held that once the jury had rejected the defendant's insanity defense, intent was no longer at issue and that the *Sandstrom* error was harmless.[2] In *Dix v. Kemp,* 804 F.2d 618, *vacated,* 809 F.2d 1486 (11th Cir. 1986), another panel of this court reversed the district court's holding that a *Sandstrom* error was harmless. The Dix panel held that when the defendant raised an insanity defense, the *Sandstrom* error was not harmless on the ground that intent was not at issue. We accepted both cases for en banc consideration to resolve this conflict. We now follow the panel's decision in *Dix,* and hold that when a criminal defendant raises an insanity defense, a *Sandstrom* error ordinarily cannot be harmless on the grounds that intent is not at issue.

## I.

To assist jurors in the difficult task of determining what a defendant intended during the commission of a crime, some courts have instructed jurors that "the law presumes that a person intends the ordi-

Susan V. Boleyn, William B. Hill, Jr., Asst. Attys. Gen., Atlanta, Ga., for Kemp.

Paul H. Kehir, Snellville, Ga., court-appointed William A. Alper, Summit, Rovins & Feldesman, New York City, for Bowen.

Joseph M. Nursey, Atlanta, Ga., for Dix.

1. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

2. The panel affirmed the grant of a new sentencing trial because Bowen had been sentenced to death by a jury drawn from a list which unconstitutionally excluded women. In view of the result we now reach, it is not necessary that the court *en banc* consider that claim and Bowen's claim of prosecutorial misconduct. Parts III and IV of the *Bowen* panel opinion are reinstated.

nary consequences of his acts," *see, e.g., Sandstrom,* 442 U.S. at 513, 99 S.Ct. at 2453, or that "acts of a person of sound mind and discretion are presumed to be the product of the person's will." *See, e.g., Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 1969–70, 85 L.Ed.2d 344 (1985); *Davis,* 752 F.2d at 1517.

■ In *Sandstrom* and again in *Franklin,* the Supreme Court held that such instructions unconstitutionally shifted the burden of persuasion from the government to the defendant on the issue of intent.[3] *Sandstrom,* 442 U.S. at 524, 99 S.Ct. at 2459, *Franklin,* 471 U.S. at 325–26, 105 S.Ct. at 1977. The Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. *Franklin,* 471 U.S. at 313, 105 S.Ct. at 1970; *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). A *Sandstrom* error in the jury instruction thus "remove[s] from the prosecution the burden of proving every element of the crime beyond a reasonable doubt." *Davis,* 752 F.2d at 1517.

For several years, the Supreme Court declined to resolve the issue of whether a *Sandstrom* error can be harmless under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See Davis v. Kemp,* 471 U.S. 1143, 105 S.Ct. 2689, 2690–91, 86 L.Ed.2d 707 (1985) (White, J., dissenting from denial of certiorari); *Franklin,* 471 U.S. at 325–26, 105 S.Ct. at 1977; *Sandstrom,* 442 U.S. at 526–27, 99

S.Ct. at 2460–61; *Thomas v. Kemp,* 766 F.2d 452, 455 (11th Cir.1985), *vacated* and *remanded for further consideration,* —— U.S. ——, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986).[4] In *Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), four justices of the Supreme Court suggested that the harmless error doctrine may never be applicable to a *Sandstrom* error. *Id.* at 85–87, 103 S.Ct. at 976–78; *Davis,* 752 F.2d at 1520. The Court did not resolve the issue, however, until three years later.

■ In *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court held that the harmless error standard of *Chapman,*[5] did in fact apply to jury instructions that violated *Sandstrom* and *Franklin.* In applying harmless error analysis to *Sandstrom* violations, this court has identified two situations where the harmless error doctrine can be invoked: (1) where the erroneous instruction was applied to an element of the crime that was not at issue in the trial, or (2) where the evidence as to defendant's guilt was overwhelming. *See Davis,* 752 F.2d at 1521.[6] *See also Miller v. Norvell,* 775 F.2d 1572, 1576 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986); *Thomas,* 766 F.2d at 455; *Tucker v. Kemp,* 762 F.2d 1496, 1501 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3340, 92 L.Ed.2d 743 (1986); *Brooks v. Kemp,* 762 F.2d 1383, 1390 (11th Cir.1985) (en banc), *vacated* and *remanded for further consideration,* —— U.S. ——,

---

**3.** The Court in *Franklin* held that jury instructions that are unconstitutional under *Sandstrom* are not cured by the appendage in the instruction that the presumptions "may be rebutted." *See Franklin,* 105 S.Ct. at 1972–73. The *Franklin* court further held that earlier portions of the jury charge which instruct the jurors that the defendant is presumed innocent, and that the state is required to prove every element of the offense beyond a reasonable doubt, do not "dissipate" the *Sandstrom* error. *Id.* 105 S.Ct. at 1973–74.

**4.** The Supreme Court vacated and remanded *Thomas* for reconsideration in light of its recent decision in *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). This court in *Thomas v. Kemp,* 800 F.2d 1024 (11th Cir.1986),

reviewed the record in light of *Rose* and held that the *Sandstrom* error was not harmless.

**5.** The harmless error doctrine in *Chapman* requires that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

**6.** *Davis* was decided before the Supreme Court explicitly held in *Rose* that the *Chapman* harmless error doctrine applied to *Sandstrom* violations. However, the court in *Davis* applied harmless error analysis to the *Sandstrom* claim, under then-existing precedent. *See Davis,* 752 F.2d at 1520–21.

106 S.Ct. 3325, 92 L.Ed.2d 732 (1986).[7] The first situation arises when, for example, the only contested issue at trial is the identity of the defendant, and the *Sandstrom* error occurs in the instruction on intent. *See, e.g., Davis,* 752 F.2d at 1521. In such a case, intent is not at issue, and a *Sandstrom* error in the intent instruction may be harmless. *See id. Cf. Thomas,* 766 F.2d at 456 (where issue of intent is squarely presented to the jury, *Sandstrom* error cannot be harmless).

## II.

The issue now before us concerns primarily the first type of *Sandstrom* harmless error situation; namely, whether raising an insanity defense places intent at issue such that the harmless error doctrine cannot be invoked. It is on this narrow issue that two panels of this court reached differing results.

Defendant Bowen was convicted in Polk County, Georgia of rape and murder,[8] and sentenced to life imprisonment for rape and to death for murder. In *Bowen,* 769 F.2d 672 (11th Cir.1985), a panel of this court reversed the district court's ruling that the *Sandstrom* error was not harmless. The *Bowen* panel agreed with defendant's claim that the Georgia trial court's jury instruction, which was virtually identical to the instruction in *Franklin,* unconstitutionally shifted the burden of proof on intent, in violation of *Sandstrom.*[9] *Id.* at 675. The *Bowen* majority, however, held that the *Sandstrom* error was harmless under *Davis,* because even though the defendant raised an insanity defense, intent was no longer at issue once the jury rejected the defense. *See id.* at 676–78.

Defendant Dix was convicted of murder in Clayton County, Georgia and was sentenced to death.[10] In *Dix,* 804 F.2d 618 (11th Cir.1986), a panel of this court reversed the district court's denial of habeas relief. The unanimous panel found not only that the Georgia superior court's jury instruction violated *Sandstrom,* but also that the error could not be harmless error under *Rose v. Clark* and *Davis,* because by raising an insanity defense, the defendant placed intent at issue. The *Dix* panel noted that there were conflicting precedents on this issue, making en banc consideration by this court appropriate. 804 F.2d at 621.

## III.

The jury instructions in both *Bowen* and *Dix* clearly violated *Sandstrom* and *Franklin,* and we agree with both panels that the instructions were unconstitutional. *See Bowen,* 769 F.2d at 675–76; *Dix,* 804 F.2d at 620. The *Bowen* panel, however, held that the *Sandstrom* error in Bowen's jury instruction was harmless error under *Davis. See Bowen,* 769 F.2d at 676–78. The *Bowen* majority reasoned that even though the defendant pleaded insanity as a defense, once the jury rejected this defense, intent was no longer at issue. *Id.* at 676–77. Therefore, the majority concluded, "it could not be gainsaid that [defendant's] acts were anything but intentional." *Id.* at 677.

The problem with this analysis is that even if the defendant fails to prove his insanity defense, intent ordinarily remains an issue at trial. Although there may be a theoretical bright line between legal insanity and legal sanity, the reality is that the

7. The Supreme Court vacated and remanded *Brooks* for reconsideration in light of *Rose.* This court in *Brooks v. Kemp,* 809 F.2d 700 (11th Cir.1986) (*en banc*), concluded that harmless error analysis conducted by the en banc court in its previous opinion followed the harmless error doctrine of *Chapman* and *Rose. Id.* at 700–01.

8. For a complete discussion of the facts and the procedural history of Bowen's case, see *Bowen v. State,* 241 Ga. 492, 246 S.E.2d 322 (1978); *Bowen v. Kemp,* 769 F.2d 672, 675 (11th Cir. 1985).

9. The instruction read:
 The acts of a person of sound mind and discretion are presumed to be the product of the person's will but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his act but the presumption may be rebutted.

10. For a complete discussion of the facts and the procedural history of Dix's case, see *Dix v. Kemp,* 804 F.2d 618, 619 (11th Cir.1986).

line is often quite blurred. When a criminal defendant in Georgia pleads the affirmative defense of insanity he assumes the difficult burden of proving by a preponderance of the evidence either (1) that he did not have the mental capacity to distinguish between right and wrong, Ga.Code Ann. § 16-3-2 (1984), or (2) that he acted as he did because of a delusional compulsion, *Id.* § 16-3-3. *Adams v. State*, 254 Ga. 481, 330 S.E.2d 869, 872 (1985). The jury's rejection of his plea does not mean it found that the defendant was totally free of mental infirmity or that his capacity to formulate a specific intent was the same as that of a normal or average person. The prosecution must still prove beyond a reasonable doubt that the defendant formed the intent necessary to convict him of murder. As the *Dix* panel noted, "a reasonable jury might have rejected the argument that [the defendant] was insane, while still finding that the state failed to prove that [the defendant] possessed the requisite intent for malice murder." *Dix*, 804 F.2d at 622. The defendant's burden of proving insanity as a defense does not impose the burden of proving lack of the required intent. This burden falls upon the state, and must be proved, along with all other elements of the crime charged, beyond a reasonable doubt. *Bowen*, 769 F.2d at 690 (Johnson, J., specially concurring in part and dissenting in part).[11]

■ The analogy to non-involvement cases is inapposite. When the only defense is that the accused was not the individual who committed the crime charged, then it can well be that intent is not at issue. In these cases, where "whoever killed the victim did so with intent and malice," *Davis*, 752 F.2d at 1521, a *Sandstrom* error on the issue of intent can be harmless. *See Tucker v. Kemp*, 762 F.2d at 1501 (defendant's sole defense was non-participation); *McCleskey v. Kemp*, 753 F.2d 877, 901–04 (11th Cir.1985) (en banc), *aff'd on other grounds*, — U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987);[12] *Davis*, 752 F.2d at 1521. *Bowen* and *Dix* involve entirely different circumstances. Even though the juries found that the defendants failed to prove their insanity defenses by a preponderance of the evidence, the issue of intent was not conceded and the juries' findings did not relieve the state of its burden of proving the intent element of the crime.[13]

11. As the panel in *Dix* explained:
The *Bowen* decision implies that an insanity defense and a "lack of criminal intent" defense are inseparable, and that the rejection of the former implies the rejection of the latter. However, although an insanity defense consists of evidence tending to negate the existence of criminal intent, *Thomas*, 766 F.2d at 456, the two defenses are not the same. Where a defendant offers evidence tending to show he was insane, a jury might find that the defendant was sane and therefore criminally responsible for his acts, while at the same time finding that the state failed to prove that the defendant had the requisite intent for the crime charged.
*Dix*, 824 F.2d at 622.

12. In holding that the defendant conceded the issue of intent by asserting an alibi defense, the en banc court in *McCleskey* added:
In so holding, we do not imply that whenever a defendant raises a defense of alibi a *Sandstrom* violation on an intent or malice instruction is automatically rendered harmless error. Nor do we suggest that defendant must specifically argue that intent did not exist in order for the issue of intent to remain before the jury. But where the State has presented overwhelming evidence of an intentional killing and where the defendant raises a defense of nonparticipation in the crime rather than lack of *mens rea*, a *Sandstrom* violation on an intent instruction such as the one at issue here is harmless beyond a reasonable doubt. 753 F.2d at 904 (citations omitted). Thus even in non-involvement cases, intent may still remain at issue, and a *Sandstrom* error may not be harmless.

13. The *Bowen* panel majority found support for its holding in the language of Justice Blackmun's opinion for a plurality of the Supreme Court in *Connecticut v. Johnson*, 460 U.S. 73, 87, 103 S.Ct. 969, 977, 74 L.Ed.2d 823 (1983):
In presenting a defense such as alibi, insanity, or self-defense, a defendant may in some cases admit that the act alleged by the prosecution was intentional, thereby sufficiently reducing the likelihood that the jury applied the erroneous instruction as to permit the appellate court to consider the error harmless.
By holding today that a defendant ordinarily places intent at issue by pleading an insanity defense, we do not foreclose the possibility that in "rare situations," *id.*, a defendant in presenting an insanity defense may "admit that the act alleged by the prosecution was intentional." *See, e.g., Cook v. Foltz*, 814 F.2d 1109, 1113 (6th

The *Sandstrom* error in Bowen's trial, therefore, cannot be harmless on the grounds that intent was not an issue. The district court held that the *Sandstrom* error was not harmless, but the *Bowen* panel reversed on the grounds that intent was not at issue. Because we disagree with the panel on this issue, we affirm the district court's original holding.

Focusing on the issue of intent under the *Davis* harmless error test, the *Bowen* panel majority also held that the evidence as to Bowen's guilt was overwhelming. 769 F.2d at 676. The majority correctly stated that in deciding whether the evidence was overwhelming as to defendant's guilt, the "crucial inquiry relates to whether or not there is overwhelming evidence of intent." *Davis*, 752 F.2d at 1521 n. 10, citing *Connecticut v. Johnson*, 460 U.S. 73, 86, 103 S.Ct. 969, 977, 74 L.Ed.2d 823 (plurality opinion), 460 U.S. at 97 n. 5, 103 S.Ct. at 983 n. 5 (1983) (Powell, J. dissenting). *See Miller*, 775 F.2d at 1576. The panel majority, however, incorrectly applied this rule to Bowen's case.

In finding that the evidence of Bowen's intent to kill was overwhelming, the majority relied on *Davis* and the other non-involvement cases to hold that the victim's death "obviously was not the result of accident, mistake, or negligence, but rather was the result of an 'intentional' act." *Bowen*, 769 F.2d at 676. In these cases, however, intent was not a contested issue, *see Davis*, 752 F.2d at 1521, and the court could find overwhelming evidence of that intent directly from the facts surrounding the crime.

 When intent is at issue, however, we cannot infer overwhelming evidence of intent directly from the physical sequence that resulted in the victim's death. We must also look at the evidence of defendant's state of mind. There was substantial

evidence at trial that Bowen, though not insane, may have lacked the intent required for murder. There was ambiguity in Bowen's conduct, and there was conflicting expert testimony on his state of mind at the time of the crime.[14] Under these circumstances, the *Sandstrom* error cannot be harmless on the overwhelming evidence ground.

The district court's holding on the *Sandstrom* issue must therefore be affirmed, with instructions to grant the writ of habeas corpus unless the state affords Bowen a new trial.

## IV.

Following the Supreme Court's recent directive in *Rose v. Clark*, the *Dix* panel applied harmless error analysis to the *Sandstrom* errors. The panel held that the *Sandstrom* error at Dix's trial was not harmless, and reversed the district court. Because we hold that intent ordinarily is at issue when the defendant raises an insanity defense, and that it was in the Dix trial, we agree with the *Dix* panel that the *Sandstrom* error at Dix's trial was not harmless. The district court's denial of habeas corpus relief on the *Sandstrom* issue must therefore be reversed, and the case remanded with instructions to grant the writ of habeas corpus, unless the state affords Dix a new trial.

No. 84–8327. AFFIRMED.

No. 84–8342. REVERSED and REMANDED with instructions.

RONEY, Chief Judge, concurring in part and dissenting in part:

I agree that an insanity defense does not subsume the proof of intent required to convict of a capital offense. Neither does the assertion of an insanity defense, lost

---

Cir.1987). The Supreme Court explicitly left it "to the lower courts to determine whether, by raising a particular defense or by his other actions, a defendant himself has taken the issue of intent away from the jury." 460 U.S. at 87, 103 S.Ct. at 977–78.

**14.** There was testimony that Bowen was extremely depressed, could not remember whom

he had attacked, and eventually turned himself in to a mental hospital. The expert testimony at trial established that Bowen was suffering from some form of mental disorder, but was inconclusive as to his state of mind at the time of the incident. There was a legitimate jury issue as to Bowen's state of mind.

before the jury, mean that a habeas corpus court should not deny relief on a *Sandstrom* error when that error is harmless because of overwhelming evidence as to intent. *See Rose v. Clark,* — U.S. —, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

Applying these principles, I concur in the result reached by the court in Dix. I dissent from the result reached in Bowen on this issue, on the ground that any *Sandstrom* error was harmless beyond a reasonable doubt.

I concur in both Judge FAY's opinion and Judge EDMONDSON's opinion, except as to the conclusion in Dix.

HILL, Circuit Judge, dissenting:

The majority's holding in these two cases leads us farther down a path I find most unattractive. We are at or near the point where The Great Writ automatically issues any time a trial judge is found to have instructed a jury that intention can be presumed from a person's acts. I respectfully dissent.

As the majority opinion relates on page 547; *Sandstrom/Franklin* violation instructions have, over the years, taken two forms. One, condemned in *Sandstrom* commences, "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." 442 U.S. at 513, 99 S.Ct. at 2453. The other, found in *Franklin,* includes "acts of a person of sound mind and discretion are presumed to be the product of the person's will." 471 U.S. at 311, 105 S.Ct. at 1970.

Both versions are incorrect abstract statements of the law. The *Sandstrom* version results in a shift of the burden as to any person who is a defendant. The *Franklin* version, however, applies only to defendants who are of sound mind and discretion.

"Sound mind" is defined as "[t]he normal condition of the human mind,—that state in which its faculties of perception and judgment are ordinarily well-developed, and not impaired by mania, insanity, or other mental disorder." Black's Law Dictionary at 1251 (5th ed. 1979). I do not believe that a person could, at once, be of sound mind and yet be suffering from such a mental defect or deficiency that he could not form intent to commit murder.

In these (*Bowen/Dix*) cases the *Sandstrom* instruction was not given. In both cases, the *Franklin*—". . . person of sound mind and discretion . . ." version was given.

My review of the record in *Sandstrom,* as it existed before the United States Supreme Court, discloses that the trial judge's instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts," 442 U.S. at 513, 99 S.Ct. at 2453, was the only statement by the trial judge on this subject. The holding in *Sandstrom* has made its way through cases involving instructions incorporating the presumption but far more circumscribed than the instruction given in *Sandstrom; Franklin* is a good example of this expansion. Until today, though, I know of no holding that the mere incantation of the presumption, directed toward a particular defendant, would spoil a conviction of one to whom it specifically does not apply.

In *Bowen* and *Dix,* there was a question of mental soundness of each defendant. The trial judge in each case, apparently aware of and sensitive to this issue, limited the instruction so that the jury could apply it only if it first found each defendant to be "of sound mind." The instruction in each case was as follows:

> The acts of a person *of sound mind and discretion* are presumed to be the product of the person's will but the presumption may be rebutted. A person *of sound mind and discretion* is presumed to intend the natural and probable consequences of his act but the presumption may be rebutted. A person will not be presumed to act with criminal intention but the tryor [sic] of facts, that is you the jury, may find such intention upon the consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

*Bowen,* 769 F.2d at 675 (emphasis supplied).

"I charge you that the acts of a person *of sound mind and discretion* are presumed to be the product of a person's will. But, this presumption may be rebutted...." "A person will not be presumed to act with criminal intention." *Dix,* 804 F.2d at 619–20 n. 1 (emphasis supplied).

Had either of the two defendants been found not to be of sound mind, that defendant's trial would not be in any sense affected by the presumption of intent. Thus, in the event of a finding of unsound mind, no constitutional error appears.

On the other hand, in each case, if the defendant were found to be of sound mind, the instruction condemned in *Sandstrom* and *Franklin* would apply and our only task would be to ascertain whether, under *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the instruction was harmless error. In my view, in each of these cases, the evidence is overwhelming that a person of sound mind committing these crimes did so intentionally. The finding of intent would not have been influenced by the incorrectness of the instruction. Therefore, as applied to persons of sound mind, the instruction was harmless.

In sum, there was no erroneous instruction given to be applied by the jury to one of unsound mind, and the instruction was harmless insofar as it applied to one of sound mind. There is no reason for the grant of the writ of habeas corpus to undercut the conviction and sentence of either of these appellants.

FAY, Circuit Judge, dissenting in part and concurring in part, in which EDMONDSON, Circuit Judge, joins; RONEY, Chief Judge, joining in part:

Most respectfully, I dissent from portions of the majority opinion while agreeing with others. It seems to me that it is rather important to note at the outset what the majority does not hold. The majority opinion does not adopt the *per se* rule announced by the panel opinion in *Dix* that "where the defendant raises an insanity defense, a *Sandstrom* error on this issue

of intent cannot be harmless on the grounds that intent was not at issue." 804 F.2d at 621, *vacated;* 809 F.2d 1486 (11th Cir.1986). Rather, the majority holds that, "when a criminal defendant raises an insanity defense, a *Sandstrom* error *ordinarily* cannot be harmless on the grounds that intent is not at issue." (emphasis added) I agree. This language is supplemented by footnote 13 which points out that there may be "rare situations" when a defendant would raise an insanity defense but nevertheless "admit that the act alleged by the prosecution was intentional." I agree.

Because I cannot imagine a better illustration of just such a case than *Bowen v. Kemp,* I dissent from the granting of relief based upon the *Sandstrom* error. Charles Bowen confessed to stabbing his twelve year old female victim in the back as she was trying to run away after he had raped her. When she turned around he stabbed her in the chest. Bowen stated that the victim told him to go ahead and finish her off. Thereafter he stabbed her repeatedly twelve or fourteen times! Hardly unintentional acts.

Defense counsel decided that the only course to pursue was insanity. Although not successful, it appears to have been a very sound and reasonable decision. That's all the *Bowen* trial was about. Experts testified and the jury concluded that Bowen did have the mental capacity to distinguish between right and wrong and that he was not acting under any delusional compulsion. The jury found him sane and sentenced accordingly. In my opinion this case is the "rare situation" described in footnote 13. The defense in *Bowen* conceded that the act of killing was intentional. There was no issue in that regard for the jury to resolve.

Two other aspects of the majority opinion require comment.

In Section III it is stated that, "The jury's rejection of his plea does not mean it found that the defendant was totally free of mental infirmity or that his capacity to formulate a specific intent was the same as that of a *normal* or *average* person." (em-

phasis added). Although it seems to me that the use of the words "normal" and "average" might create serious confusion, understanding of the thought being expressed is important. There is no legal requirement that a defendant be found to be normal or average before he or she can be found guilty of murder. The only requirement is that the defendant possessed the necessary criminal intent. Certainly such could be found to exist in persons considered abnormal or found to be below average in intelligence. The majority opinion does not hold otherwise.

Also in Section III of the majority opinion we find the statement, "When intent is at issue, however, we cannot infer overwhelming evidence of intent directly from the physical sequence that resulted in the victim's death." Although startling as an independent proposition, I do not read this as abolishing the ageless truism that "actions speak louder than words." Certainly courts must consider all of the evidence presented in each case but I know of nothing more probative, in any trial, than evidence relating to the conduct of the parties. To suggest that there is "ambiguity in Bowen's conduct" is simply contrary to this record as I read it. A man, found to be sane, stabbed a twelve year old female fourteen times throughout her back, chest and neck. Reasonable persons could certainly conclude that such action was intended to result in death. The jury's verdict in this regard should be upheld. Although agreeing with much of the majority opinion, as I understand it, I would conclude that the *Sandstrom* errors in both the Bowen and Dix trials were harmless beyond reasonable doubt.

EDMONDSON, Circuit Judge, concurring in part and dissenting in part, in which HILL and FAY, Circuit Judges, join; RONEY, Chief Judge, joining in part:

I agree that just by asserting the defense of insanity, a defendant in a murder case does not automatically concede intent to kill. The question of intent remains in issue, and the State has the burden to prove intent. A *Sandstrom* error may still

be harmless, however. I dissent from today's court's opinion in both *Dix* and *Bowen* because the evidence of intent is overwhelming. *See generally Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (although defendant claimed he was either insane or incapable of forming the requisite criminal intent, *Sandstrom* error still could be harmless).

In these cases, the juries rejected the insanity defense. I think no rational jury would conclude that a sane person who did the evil things that Dix (torture and repeated stabbings) and Bowen (rape and repeated stabbings) did to their victims lacked the intent to kill. "[I]t would defy common sense to conclude that an execution-style killing or a violent torture-murder was unintentional." *Rose,* 106 S.Ct. at 3108 n. 10. See also *Burger v. Kemp,* —— U.S. ——, ——, 107 S.Ct. 3114, 3119–20 n. 5, 97 L.Ed.2d 638 (1987). Whatever errors were in the jury instructions concerning intent in the *Dix* and *Bowen* trials were harmless beyond a reasonable doubt.